### LEVINE v. KLEIN.

(Supreme Court, Appellate Term. November 30, 1908.)

MONEY RECEIVED (§ 18*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

The mere fact that plaintiff gave her husband $500 and two months later saw him give defendant $500 did not entitle her to a judgment against defendant for money had and received.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. § 72; Dec. Dig. § 18.*]

Appeal from City Court of New York.

Action by Beckie Levine against Philip Klein. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Reversing judgment 58 Misc. Rep. 389, 111 N. Y. Supp. 174.

Argued before GILDERSLEEVE, P. J., and MacLEAN, and SEABURY, JJ.

---

*For other cases see same topic & ♪ NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Samuel Schlesinger, for appellant.
Joseph Gans, for respondent.

SEABURY, J. The judgment must be reversed because the motion which the defendant made at the close of the plaintiff's case should have been granted. The action is for money had and received. The plaintiff testified that she gave $500 to her husband, and that two months later she saw her husband give the defendant $500, and that she demanded this sum from the defendant, but the defendant refused to pay it. This was all the evidence offered when the plaintiff rested, and the defendant moved to dismiss the complaint.

This motion should have been granted. The evidence is wholly insufficient to support a judgment against the defendant. It was not shown that the money delivered to the defendant was the property of the plaintiff, nor were the circumstances under which the plaintiff claims to have delivered this money to her husband, shown, or under which her husband delivered the $500 to the defendant. The mere fact that the plaintiff gave her husband $500, and that, two months later, she saw him give the defendant $500, will not entitle her to a judgment against the defendant for money had and received.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.